NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000794
06-FEB-2017
08:02 AM

NO. CAAP-14-0000794

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
GENE ANGEL MANCIA, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-CR NO. 11-1-0364)

SUMMARY DISPOSITION ORDER
(By: Reifurth and Ginoza, JJ., with
Fujise, Presiding Judge, dissenting.)

Defendant-Appellant Gene Angel Mancia (**Mancia**) appeals from the Judgment of Conviction and Sentence, filed on April 2, 2014, in the Family Court of the Third Circuit (**family court**).[1] After a bench trial, the family court found Mancia guilty of committing the offense of Abuse of Family or Household Member, in violation of Hawaii Revised Statutes (**HRS**) § 709-906 (2014).[2]

On appeal, Mancia contends that (1) the family court erred in failing to conduct an on-the-record colloquy with Mancia

---

[1] The Honorable Lloyd Van De Car presided, except where otherwise indicated.

[2] HRS § 709-906 provides in relevant part:

(1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4).

regarding his waiver of a jury trial, such that his conviction should be vacated; and (2) the family court erred in excluding relevant evidence in violation of Hawaii Rules of Evidence (**HRE**) Rule 609 and 609.1.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve Mancia's points of error as follows, and we vacate and remand.

This case arises from an incident that took place in Pāpa'ikou, Hawai'i between Mancia and the complaining witness (**CW**). On November 23, 2011, the State of Hawai'i (**State**) filed a Complaint alleging that "[Mancia], did intentionally, knowingly or recklessly physically abuse, [CW], a family or household member[.]" Mancia requested a jury trial and the case was transferred from the family court to the Circuit Court of the Third Circuit (**circuit court**).[3]

On April 23, 2012, a "Stipulation to Remand Case to Hilo Family Court; Waiver of Trial by Jury; Order" (**Stipulation To Remand**) was filed. The stipulation states that it is based on Mancia's "Waiver of Right to Trial by Jury" (**Waiver Form**), dated April 18, 2012, which was attached thereto and incorporated.

After a bench trial, the family court found Mancia guilty as charged and sentenced him.

(1) **Validity of Waiver of Jury Trial**

Mancia contends that the family court failed to obtain a valid waiver of jury trial, citing Hawai'i Supreme Court cases indicating that a trial court should conduct an oral colloquy in court to ensure that a waiver of jury trial is knowingly, intelligently, and voluntarily given. See State v. Baker, 132 Hawai'i 1, 6, 319 P.3d 1009, 1014 (2014); State v. Gomez-Lobato, 130 Hawai'i 465, 469, 312 P.3d 897, 901 (2013).

---

[3] The Honorable Greg K. Nakamura presided.

The State, in turn, responds that a proper written waiver is sufficient to waive jury trial, largely relying on the plain language of Hawai'i Rules of Penal Procedure (HRPP) Rule 5(b)(3)[4] and State v. Beard, No. CAAP-10-0000205, 2012 WL 3030809 (Haw. App. July 25, 2012), an unpublished decision by this court issued prior to Baker and Gomez-Lobato.

We review questions of constitutional law, such as the validity of a criminal defendant's waiver of his right to a jury trial, de novo under the right/wrong standard, with the appellate court exercising its own independent constitutional judgment based on the facts of the case. State v. Friedman, 93 Hawai'i 63, 67, 996 P.2d 268, 272 (2000).

As an initial matter, the issue of whether Mancia validly waived his right to a jury trial was not raised before the trial court. Nevertheless, Mancia requests that we recognize plain error because the "family court's failure to colloquy Mancia and obtain a valid waiver of his fundamental right to a jury trial constitutes reversible error[.]" See HRPP Rule 52(b). As recognized by the supreme court, a trial court's failure to obtain a valid waiver of jury trial constitutes plain error that can be considered for the first time on appeal. See Gomez-Lobato, 130 Hawai'i at 469 n.4, 312 P.3d at 901 n.4.

We consider "the validity of a defendant's waiver of his/her right to a jury trial under the totality of the

_____

[4]   HRPP Rule 5(b)(3) provides in relevant part:

> (3) *Jury Trial Election*. In appropriate cases, the defendant shall be tried by jury in the circuit court unless the defendant <u>waives in writing or orally in open court</u> the right to trial by jury. If the defendant does not waive the right to a trial by jury at or before the time of entry of a plea of not guilty, the court shall commit the defendant to the circuit court for trial by jury.

(Emphasis added.)

3

circumstances surrounding the case, taking into account the defendant's background, experience, and conduct." Baker, 132 Hawai'i at 6, 319 P.3d at 1014 (quoting Friedman, 93 Hawai'i at 70, 996 P.2d at 275).

Mancia's Waiver Form, attached to and filed with the Stipulation To Remand, states:

> I, GENE MANCIA, have been informed by my attorney, Deputy Public Defender BELINDA CASTILLO HALL, that I have the right to have a trial by jury because the maximum penalty upon conviction for the offense that I am charged with is one year in jail and a $2,000 fine.
> I understand that in a trial by jury, twelve men and women from my community are chosen by a selection process, in which I can be involved, to become my jurors. I understand that the job of these twelve jurors is to listen to the evidence presented at trial and, based on that evidence, determine whether I am guilty or not guilty of the offense charged. I understand that the verdict of the twelve jurors must be unanimous.
> I hereby **WAIVE** (give up) my right to a jury trial and agree to a disposition of my case by the COURT (the Judge) without a jury.
> I make this waiver of my own free choice and with a clear mind.
> Dated: Hilo, Hawaii, 04/18/2012
>
> [signature]
> Gene Mancia
> Defendant

There is no indication in the record that a hearing was held regarding Mancia's waiver of jury trial or that an on-the-record colloquy was conducted with either of the trial courts. Moreover, the State does not point to anything in the record regarding the circumstances as to Mancia's background, experience and/or conduct.

In Baker, the defendant filled out a waiver form to waive his right to a jury trial. 132 Hawai'i at 3, 319 P.3d at 1011. The defendant signed his initials next to each paragraph in the waiver, except for the paragraph that stated: "I am entering this waiver of my own free will after careful consideration. No promises or threats have been made to me to

4

induce me to waive my right to a jury trial." Id. at 6, 319 P.3d at 1014. In addition to the waiver, the court conducted an in-court colloquy with the defendant but the record was silent with respect to voluntariness. Id. The supreme court held that the lower court failed to adequately ensure that the defendant's waiver was valid because the defendant did not initial next to the paragraph addressing voluntariness, and the court's on-the-record colloquy did not address whether the defendant voluntarily signed the waiver form given the lack of initials next to that specific paragraph. Id. at 5-7, 319 P.3d at 1013-1015.

The State argues that Baker is distinguishable because "the written waiver of jury trial was fundamentally flawed as there was no indication by the defendant that his waiver was not a result of threats or duress." The State also points to HRPP Rule 5(b)(3) which states that the "defendant shall be tried by jury in the circuit court unless the defendant waives in writing or orally in open court the right to trial by jury." (Emphasis added.) The State argues that "[n]owhere in Rule 5 is the Defendant required to waive jury trial in writing and orally in open court." Further, as noted, the State relies on the unpublished decision in Beard.

In Beard, the State raised the question of whether the lack of an in-court colloquy regarding the defendant's waiver of jury trial was a basis to overturn his conviction. Beard, 2012 WL 3030809, at *1. In addressing the defendant's contention that he had received ineffective assistance of counsel, the Office of Public Defender (OPD) took the position that, "as to the State's contention that an in-court colloquy is required to obtain a valid waiver of the right to jury trial where Defendant-Appellant executed a written waiver, the OPD respectfully disagrees." Id. This court stated that "[a]lthough a colloquy is no doubt advisable, it is not required for every waiver of a jury trial." Id.

5

Recent supreme court cases, however, indicate that a court should engage in an on-the-record oral colloquy to ensure that a waiver of jury trial is made knowingly, intelligently, and voluntarily, even when a written waiver is executed. Baker, 132 Hawai'i at 6, 319 P.3d at 1014; Gomez-Lobato, 130 Hawai'i at 469, 312 P.3d at 901. In 2013, the supreme court held in Gomez-Lobato that "while the defendant may execute a written waiver form, the court should also engage in an oral colloquy with the defendant to establish that the waiver was knowing, intelligent, and voluntary." Gomez-Lobato, 130 Hawai'i at 469, 312 P.3d at 901 (emphasis added). In 2014, in Baker, the supreme court noted that although HRPP Rule 5(b)(3) states that a waiver of jury trial may be given in writing or orally in court, HRPP Rule 23(a) requires that a defendant's waiver of jury trial be approved by the trial court, and in turn, "the trial court has an obligation to ensure, through an appropriate oral colloquy in court, that the waiver was knowingly, intelligently, and voluntarily given." 132 Hawai'i at 6, 319 P.3d at 1014 (emphasis added).

Here, Mancia signed the Waiver Form on April 18, 2012. The Waiver Form itself contains only Mancia's signature. The Stipulation To Remand, to which the Waiver Form was attached, was signed by Mancia, the deputy public defender, the deputy prosecuting attorney, and approved by signature of the circuit court. However, there was no hearing or colloquy in court between Mancia and any trial court regarding his waiver of jury trial. Further, as noted above, the State does not reference anything in the record regarding Mancia's background, experience, or conduct relevant to whether his waiver was made knowingly, intelligently and voluntarily.

In light of Gomez-Lobato and Baker, and the totality of the circumstances in this case, we cannot say that Mancia's waiver of jury trial was entered into knowingly, intelligently, and voluntarily. Consequently, we must vacate the judgment in this case.

**(2) Evidentiary Hearing**

Given the above, we need not address Mancia's contention that the family court erred in excluding certain evidence during the bench trial.

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, entered on April 2, 2014, in the Family Court of the Third Circuit, is vacated. The case is remanded to the family court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, February 6, 2017.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Sylvia Wan,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Associate Judge

Associate Judge